**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

GUY CHRISTOPHER MANNINO                                        PETITIONER
*REG #21960-075*

V.                                    CASE NO. 2:22-cv-00155-JM-JTK

C. Edge, Acting Warden                                        RESPONDENT
FCI – Forrest City, AR[1]

**RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

    The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

    If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge,

---

[1] Because Mannino is incarcerated at FCI – Forrest City, Arkansas, the proper Respondent is "C. Edge, Acting Warden FCI – Forrest City, Arkansas." *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

    Accordingly, it is recommended that the Clerk of the Court be directed to change Respondent to "C. Edge, Acting Warden FCI – Forrest City, Arkansas."

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing before the United States
      District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence
      (including copies of any documents) desired to be introduced at the requested
      hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an

additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I.    Introduction

Guy Mannino ("Mannino")—an inmate at the Federal Correctional Institution in Forrest

City, Arkansas—filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 that is currently

pending before this Court. *See* Pet., *Mannino v. C. Edge*, No. 2:22-cv-155-JM-JTK (E.D. Ark.

Sept. 8, 2022), ECF No. 1. He alleges that the Bureau of Prisons ("BOP") failed to apply First Step

Act ("FSA") credits pursuant to 18 U.S.C. § 3632. *Id.* at 1–2. Specifically, he argues that he earned

1,382 days of time credits, which equate to a sentence reduction of 691 days or 23 months, and

now asks this Court to order the BOP to calculate and apply his earned time credits accordingly.

*Id.* at 2.

Respondent C. Edge ("Warden Edge") responded to the petition, requesting the Court to

dismiss it for failure to exhaust administrative remedies. *See* Mot. to Dismiss, *Mannino v. C. Edge,*

No. 2:22-cv-155-JM-JTK (E.D. Ark. Nov. 9, 2022), ECF No. 9. Mannino subsequently opposed Warden Edge's motion—*see* Resp., *Mannino v. C. Edge*, No. 2:22-cv-155-JM-JTK (E.D. Ark. Dec. 13, 2022), ECF No. 112—and he also filed a motion to amend his habeas petition. *See* Mot. to Amend Pet., *Mannino v. C. Edge*, No. 2:22-cv-155-JM-JTK (E.D. Ark. Nov. 15, 2022), ECF No. 11.

For the reasons stated below, the undersigned recommends that Warden Edge's motion to dismiss be granted, Mannino's habeas petition be dismissed without prejudice, Mannino's motion to amend his habeas petition be denied, and a certificate of appealability not be issued.

## II.    Background

On July 22, 2015, the Government filed a superseding indictment in the United States District Court for the District of Alaska, charging Mannino with five counts of solicitation to commit the murders of a witness and federal officers in violation of 18 U.S.C. § 373. *See* First Superseding Indictment, *United States v. Mannino*, No. 4:14-cr-26-RRB-1 (D. Alaska July 22, 2015), ECF No. 31. Mannino was found guilty of three of the five counts and was sentenced in 2016 to 204 months' imprisonment to be followed by three years' supervised release. *See* Judgment, *United States v. Mannino*, No. 4:14-cr-26-RRB-1 (D. Alaska June 15, 2016), ECF No. 109.

Mannino appealed his jury conviction to the United States Court of Appeals for the Ninth Circuit, which—on December 12, 2017—affirmed his conviction. *See United States v. Mannino*, 706 F. App'x 355 (9th Cir. 2017). Eventually, Mannino filed a petition to vacate his sentence under 28 U.S.C. § 2255 in the District of Alaska, *see United States v. Mannino*, No. 3:14-cr-26-RRB, 2022 WL 1597394 (D. Alaska May 19, 2022), and that court denied his petition on May 19, 2022. *Id.* at *10.

3

Mannino filed the pending petition under 28 U.S.C. § 2241 before this Court on September 8, 2022, while in custody at the Federal Correctional Institution Low Unit in Forrest City, Arkansas. His expected release date is October 17, 2029. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/. However, he contends that his sentence should be reduced by 691 days—the equivalent of 23 months—based on his qualifying times credits under the FSA. *See* Pet., *Mannino v. C. Edge*, No. 2:22-cv-155-JM-JTK, at 2 (E.D. Ark. Sept. 8, 2022), ECF No. 1.

## III. Discussion

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). In other words, if a petitioner has not exhausted all administrative remedies before seeking habeas corpus relief, this Court cannot review and authorize qualifying time credits. *See United States v. Chappel*, 208 F.3d 1069, 1069–70 (8th Cir. 2000) (per curiam) (citing *United States v. Iversen*, 90 F.3d 1340, 1344 (8th Cir.1996) (finding that claim must first be presented to BOP in order for the district court to authorize time served while in pretrial detention); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir.1993) (stating that petitioners cannot seek habeas relief for jail-time credit until they have exhausted their administrative remedies)).

The BOP administrative remedy process requires inmates to adhere to the following procedures:  (1) present an issue of concern for informal resolution to the appropriate BOP staff member; (2) if the issue is not resolved, then present a formal written administrative remedy request to the facility's warden; (3) if there is still no resolution, then appeal to the Regional Director; and (4) if the matter is still not resolved at this point, take a final appeal to the General Counsel in the Central Office. 28 C.F.R. §§ 542.13–.15.

Under the relevant law, Mannino has not sufficiently demonstrated that he has exhausted the BOP administrative remedy process regarding the application of FSA time credits for a reduction in his sentence. The supporting documentation that he provides in the attached exhibits only shows where he requested to be released under home confinement. After a careful review, there is no indication that Mannino either raised his issue of concern about his time credits to the BOP or followed the BOP administrative process for resolution.

Additionally, Mannino has not adequately shown that exhaustion would be futile in this instance. *See Bray v. Yates*, No. 2:22-CV-142-JTR, 2023 WL 2894918, at *3 (E.D. Ark. Apr. 11, 2023) ("Because exhaustion is not jurisdictional, courts may create exceptions to the exhaustion requirement" (citing *Frango v. Gonzales*, 437 F.3d 726, 728–29 (8th Cir. 2006)). Mannino's projected release date is October 17, 2029, and even considering his request for a 23-month sentence reduction, it can hardly be said that his request is time-sensitive or would become moot without immediate judicial intervention. *See Flynn v. Eischen*, No. 22-CV-1265 (ECT/LIB), 2022 WL 18461620, at *2 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, No. 22-CV-1265 (ECT/LIB), 2023 WL 415162 (D. Minn. Jan. 25, 2023). Because Mannino has failed to prove that he satisfied the exhaustion requirement, the undersigned recommends that his petition be dismissed without prejudice.

**IV.    Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases (which applies to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Mannino has not made a substantial showing of a denial of a constitutional right, so the undersigned does not recommend the issuance of a certificate of appealability.

**V.    Conclusion**

**IT IS THEREFORE RECOMMENDED** that:

1.      Warden Edge's motion to dismiss be **GRANTED**.

2.      Morris's petition for writ of habeas corpus be **DISMISSED** without prejudice.

3.      Morris's motion to amend his habeas petition be **DENIED** as moot.

4.      A certificate of appealability be **DENIED** pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 9th day of August, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE